UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID A. JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:07-0715 |
| ) | Judge Echols/Bryant |
| MASSACHUSETTS MUTUAL LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

Defendant Massachusetts Mutual Life Insurance Company ("Mass Mutual") has filed its motion for summary judgment (Docket Entry No. 41), and plaintiff has responded in opposition (Docket Entry Nos. 55, 56, 57, 58, 59, 60, 63, 64, 65, 66 and 67).

The District Judge has referred defendant's motion to the undersigned Magistrate Judge for report and recommendation. (Docket Entry No. 7).

For the reasons stated below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** and that the complaint, as amended, be **DISMISSED** with prejudice.

### Statement of the Case

Plaintiff David A. Jefferson, proceeding pro se, has filed this action apparently seeking recovery of benefits under a disability insurance policy issued by defendant Mass Mutual. (Docket Entry No. 15-1). Defendant has filed its motion for summary judgment asserting that plaintiff's claims are barred by (1) the doctrine of res judicata and (2) the applicable statutes of

limitations. In response, plaintiff asserts that he signed, but did not completely fill in, a medical history form when he applied for the subject insurance policy, and that someone, presumably the insurance agent, incorrectly completed this form later. (Docket Entry No. 15-1, paras. 5, 11 and 12).

## Summary of Undisputed Facts

Defendant Mass Mutual issued a policy of disability insurance to plaintiff in 1986. (Docket Entry No. 57). On April 27, 1990, the Tennessee Board of Examiners in Psychology revoked plaintiff's license to practice psychology for sexual misconduct with a patient. (Id.) Plaintiff thereafter filed a claim under his disability insurance policy, which Mass Mutual denied on the basis that plaintiff was not totally disabled under the terms of the policy. (Id.) Mass Mutual on June 4, 1991, filed a declaratory judgment action in the Circuit Court for Sumner County, Tennessee, seeking a ruling that no disability benefits were due under plaintiff's policy. (Id.; Docket Entry No. 41-1). In response, plaintiff filed an answer and counterclaim asserting that he was entitled to benefits. (Docket Entry Nos. 41-2 and 57). Following a bench trial, the circuit court entered a declaratory judgment that Jefferson was not entitled to any benefits under the subject disability insurance policy, and dismissed Jefferson's counterclaim. (Docket Entry Nos. 41-3 and 57). Jefferson appealed, and on September 5, 2002, the Tennessee Court of Appeals issued an opinion affirming the trial court's determination that Jefferson was entitled to no disability benefits under the policy. (Docket Entry Nos. 41-4 and 57). The Court of Appeals opinion is

2

reported at Massachusetts Mutual Life Ins. Co. v. Jefferson, 104 S.W.3d 13 (Tenn. Ct. App. 2002). The Tennessee Supreme Court denied plaintiff's application for permission to appeal on January 27, 2003. (Id.)

On October 29, 2003, plaintiff, proceeding pro se, filed a second complaint in the Circuit Court for Sumner County seeking benefits under the subject disability policy. (Docket Entry Nos. 41-5 and 57). On February 5, 2004, the circuit court granted Mass Mutual's motion to dismiss, dismissed the complaint, and awarded monetary sanctions against Jefferson. (Docket Entry Nos. 41-9 and 57).

Plaintiff filed his complaint in this court on July 5, 2007.

### Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In order to succeed on a summary judgment motion, the movant must prove the absence of a genuine issue of material fact regarding an essential element of the opposing party's action. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order for a dispute of material fact to be genuine, the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). More than a mere

3

scintilla of evidence is required to support a nonmovant's position in order to defeat a motion for summary judgment. Id. at 252.

In response to a motion for summary judgment, "the non-moving party bears the responsibility to demonstrate that summary judgment is inappropriate under Rule 56(e)." Davidson & Jones Dev. Co. v. Elmore Dev. Co., Inc., 921 F.2d 1343, 1349 (6th Cir. 1991). The nonmoving party may not rest on any conclusory allegations contained in the complaint; it must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Fed.R.Civ.P. 56(e)(2); Celotex, 477 U.S. at 324.

The court must view all the evidence in the light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. Bender v. Southland Corp., 749 F.2d 1205, 1210-11 (6th Cir. 1984).

## Analysis

Defendant relies upon two legal defenses in its motion: (1) the doctrine of res judicata, in that all issues raised by plaintiff here have been previously litigated, or could have been litigated, in the earlier suits between these parties in state court, and (2) the bar of the statute of limitation.

**1. The doctrine of res judicata**. In this diversity case, the law of the state in which the prior judgment was rendered governs its res judicata effect on the issues raised here. See Kaufman v. BDO Seidman, 984 F.2d 182, 183-84 & n.4 (6th Cir. 1993). Under Tennessee law, res judicata is a claim preclusion doctrine that promotes finality in litigation and bars a second suit between

4

the same parties on the same cause of action with respect to issues that were or could have been litigated in the former suit. Lien v. Couch, 993 S.W.2d 53, 55-56 (Tenn. Ct. App. 1998);[1] Massengill v. Scott, 738 S.W.2d 629, 631 (Tenn. 1987). A party asserting a res judicata defense must show: (1) that a court of competent jurisdiction rendered the prior judgment; (2) the prior judgment was final and on the merits; (3) the same parties or their privies were involved in both proceedings; and (4) both proceedings involved the same cause of action. Lien v. Couch, 993 S.W.2d at 56.

    The undersigned Magistrate Judge finds that these four elements of the defense of res judicata are satisfied here. All issues raised in this case were raised, or could have been raised, in the two previous state court lawsuits between these same parties, the first of which produced a lengthy appellate opinion author by then-Judge (now Justice) William Koch, fully resolving the coverage issues under the Mass Mutual policy upon plaintiff's claim to benefits for what was adjudged a "legal" (and thus excluded) disability. 104 S.W.3d at 17-32.

    In this court, plaintiff strenuously asserts that he signed a medical history form in blank when he applied for this insurance policy, and that someone, presumably the insurance agent, filled out this form later with some incorrect information. This assertion, even if true, does not state a claim for Jefferson for

---

[1] The Lien court's discussion of res judicata has been cited or repeated in many subsequent decisions of the Tennessee Court of Appeals. E.g., Travelers Cas. & Sur. Co. of America v. Lawyer's Title Ins. Corp., 2008 WL 1958338, *6 (Tenn. Ct. App. May 6, 2008).

5

several reasons. First, none of the alleged inaccuracies on the medical history form are material to any issue in this dispute. Mass Mutual has never taken the position that any statement on this form limited its coverage or otherwise provided a defense to any of its obligations under the policy. Therefore, whether these statements of medical history are accurate has no bearing on Jefferson's entitlement to disability benefits. Second, Jefferson seems to argue that the agent's presumed action in completing this medical history form inaccurately somehow rendered the insurance policy "invalid" and "null and void" from its inception. Mass Mutual has never contended that its coverage was not in effect; rather, it argued, and the state courts found, that Jefferson was not disabled under the terms of the policy. Moreover, Jefferson's argument that the contract was invalid <u>ab initio</u>, taken to its logical conclusion, suggests that no insurance contract ever existed and that Mass Mutual was never under any obligation to pay any benefits to Jefferson. Mass Mutual has never advanced this argument, and Jefferson does not help his cause by doing so. Third, Jefferson squarely raised his arguments concerning the medical history form in the second state court case, and this argument was rejected when the circuit judge granted Mass Mutual's motion to dismiss Jefferson's complaint. Accordingly, the execution of the medical history form is a true red herring, which plaintiff cannot rely upon to differentiate the instant lawsuit from the prior state court adjudication. Rather, this case presents the classic application of <u>res judicata</u> as a defense to relitigation of the exact same issues finally adjudicated against plaintiff in the Tennessee courts.

6

For the foregoing reasons, the undersigned Magistrate Judge finds that all issues raised in Jefferson's Amended Complaint have been litigated to a conclusion in the previous state court lawsuits between these same parties, and are therefore barred by the doctrine of res judicata or claim preclusion.

**2. The statute of limitations**. Tennessee law provides a six-year statute of limitations for breach of contract. Tenn. Code Ann. § 28-3-109. To the extent that Jefferson alleges a breach by Mass Mutual of the disability insurance contract, he was required to file suit within six years of Mass Mutual's denial of Jefferson's claim for benefits. That deadline expired years ago.

To the extent that Jefferson alleges fraud or misrepresentation by Mass Mutual in the inaccurate completion of the medical history form, he was required to file suit within three years after he discovered, or reasonably should have discovered, the alleged fraud or misrepresentation. Edwards v. Travelers Ins., 563 F.2d 105, 117 (6th Cir. 1977); Medical Education Assistance Corp. v. State, 19 S.W.3d 803, 817 (Tenn. Ct. App. 1999); Tenn. Code Ann. § 28-3-105. Laying aside arguments about when Jefferson should have discovered the allegedly inaccurate entries on the medical history form, he states he actually discovered them on October 27, 2003. (Docket Entry No. 41-5, p. 20). Therefore, he was required to file suit by October 27, 2006. His complaint here was not filed until July 5, 2007.

For the foregoing reasons, the undersigned finds that Jefferson's claims are barred by the statute of limitations.

7

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** and that the complaint, as amended, be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 19th day of May 2008.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge