UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID A. JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-0715 |
| ) | Judge Echols |
| MASSACHUSETTS MUTUAL LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

This is a pro se action brought by Plaintiff which arose from the denial of benefits under a disability insurance policy issued by Defendant Massachusetts Mutual Life Insurance Company ("Mass Mutual"). The Magistrate Judge has issued a Report and Recommendation ("R & R") (Docket Entry No. 74) in which he recommends granting Defendant's Motion for Summary Judgment (Docket Entry No. 41) and dismissing this action.

Plaintiff has filed objections to the R & R (Docket Entry No. 122 & 123). He has also filed requests for enlargement of time within which to file further objections (Docket Entry Nos. 124 & 125). Mass Mutual objects to any grant of an extension of time (Docket Entry No. 126), and has filed a Motion for Rule 11 Sanctions (Docket Entry No. 127).

**I. BACKGROUND**

The disability insurance policy which is at the heart of this lawsuit was issued in 1986. This is not the first contest relating to the denial of benefits. After Plaintiff's license to practice psychology was revoked in 1990, Plaintiff filed a claim under the policy which Mass Mutual denied. In 1991, Mass Mutual filed a declaratory judgment action in the Circuit Court for Sumner County,

1

Tennessee alleging that no benefits were due under the policy because Plaintiff was not totally disabled under the terms of the policy. Mass Mutual prevailed at a bench trial in which Plaintiff was represented by counsel. Plaintiff appealed, the Tennessee Court of Appeals affirmed the trial court's finding that Plaintiff was entitled to no disability benefits under the policy on September 5, 2002, and the Tennessee Supreme Court denied Plaintiff's application for permission to appeal. Massachusetts Mut. Life Ins. Co. v. Jefferson, 104 S.W.3d 13 (Tenn. Ct. App. 2002).

Plaintiff filed a second action in the Circuit Court for Sumner County seeking benefits under the disability policy. That Complaint was dismissed on February 5, 2004, and Mass Mutual was awarded monetary sanctions against Plaintiff. The present action was filed in this Court on July 5, 2007.

Given this chronology of events, Mass Mutual filed a Motion for Summary Judgment (Docket Entry No. 41). The Magistrate Judge in the R & R recommends granting that motion and dismissing this action on the grounds that Plaintiff's present claims are barred by the doctrine of res judicata (or claim preclusion) and by the applicable statute of limitations.

After the R & R was issued, Plaintiff inundated the Court with various filings, even though he was specifically instructed in the R & R to file any objections within ten days. Plaintiff's filings included requests for extensions of time, discovery motions, motions to deny Defendant's Motion for Summary Judgment, requests to engage in discovery, memorandums, affidavits, "additions," a motion for a "Customized Case Management Meeting, motions for leave to file various motions, notices of intent to make certain filings, and various "updates" on his progress in relation to making certain filings. (Docket Entry Nos. 75, 78, 83, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 111, 112, 113, 114, 115, 116, 117 & 118).

2

Mass Mutual exercised appropriate restraint and did not saddle its client with the cost of responding to the vast majority of those filings.

Recognizing that Plaintiff was off track, the Court entered an Order on September 16, 2008 which denied the pending motions filed by the Plaintiff after the issuance of the R & R. Plaintiff was instructed that he was to file any objections to the R & R within ten days and not make any filings other than objections to the R & R. (Docket Entry No. 119).

## II. DISCUSSION

As indicated, there are several matters pending before the Court, including Plaintiff's motions for enlargement of time, Plaintiff's objections to the R & R, and Defendant's Motions for Sanctions.

**A. Motions for Enlargement of Time (Docket Entry Nos. 124 & 125)**

After the Court entered its September 16, 2008 Order, Plaintiff filed objections to the R & R in the form of an eight-page document titled "Memorandum in Response to Magistrate Bryant's Report and Recommendation" (Docket Entry No. 122). That filing was made on September 30, 2008. On October 2, 2008, Plaintiff filed another "Memorandum in Response to Magistrate Bryant's Report and Recommendation" (Docket Entry No. 123) consisting of six more pages of argument.

On October 10, 2008, Plaintiff filed a "Motion for Enlargement of Time" (Docket Entry No. 124) in which he asks for an extension of time to that day due to an unspecified "sickness and overwork." Presumably, the request for extension was so that the Court would consider a filing attached to the Motion for Enlargement titled as a "Last Continuation of Memorandum in Opposition to Summary Judgment" (Docket Entry No. 124-1), which consists of eleven pages of

3

argument, and "Notes" (Docket Entry No. 124-2) which consist of another ten pages of argument. A week later, on October 17, 2008, Plaintiff filed a "Motion for Enlargement of Time" under "Federal Rules of Civil Procedure 6(b) and 8(a)" (Docket Entry No. 125) in which Plaintiff asks the Court to consider the "Notes" previously filed in ruling on his objections to the R & R.

Plaintiff's Motions for Enlargement of Time will be denied. In the September 16, 2008 Order, this Court was very clear. Plaintiff was required to file a unified document in the form of objections to the R & R, consisting of no more than twenty-five pages of arguments. That filing was to be made no more than ten days after the filing of the September 16, 2008 Order. The Court also ruled that "[n]o further extensions of time will be granted with respect to filing of Plaintiff's objections[.]" (Docket Entry No. 119 at 3). Notwithstanding the clear dictates of the September 16, 2008 Order, Plaintiff seeks enlargements of time which the Court stated it would not grant in order to expand the page limit for objections and extend the time limit for making those objections.

Plaintiff has had more than a fair opportunity to file his objections to the R & R. The R & R was issued on May 19, 2008, and Plaintiff was informed in the R & R that his objections needed to be filed within ten days. (Docket Entry No. 74 at 8). The Court subsequently extended the deadline, at Plaintiff's request, to July 2, 2008. (Docket Entry No. 79). Instead of filing his objections, Plaintiff filed a myriad of documents which were not directed at the R & R. The Court then entered the September 16, 2008 Order and in no uncertain terms told Plaintiff that any objections needed to be filed within ten days. Thus, Plaintiff had more than four months within which to file his objections, even though both the Federal Rules of Civil Procedure and this Court's Local Rules provide that objections to a R & R on a dispositive motion are to be made within ten

4

days. Fed. R. Civ. P. 72(b)(2); L.R.M.J. 9(b)(1). His requests to further enlarge the abundant time that he has been provided in formulating his objections is unwarranted and will be denied.[1]

**B. Plaintiff's Objections to the R & R (Docket Entry Nos. 122 & 123)**

As indicated, the Magistrate Judge recommends granting Defendant's Motion for Summary Judgment on statute of limitations and res judicata grounds. With regard to res judicata, the Magistrate Judge observed:

> All issues raised in this case were raised, or could have been raised, in the two previous state court lawsuits between these same parties, the first of which produced a lengthy appellate opinion author[ed] by then-Judge (now Justice) William Koch, fully resolving the coverage issues under the Mass Mutual policy upon plaintiff's claim to benefits for what was adjudged a "legal" (and thus excluded) disability.

(Docket Entry No. 74). The Magistrate Judge then went on to observe that "this case presents the classic application of res judicata as a defense to relitigation of the exact same issues finally adjudicated against plaintiff in the Tennessee courts." (Id. at 6). As for the statute of limitations, the Magistrate Judge noted that any claim for breach of contract had long passed under the applicable six-year statute of limitations, T.C.A. § 28-3-109, as had any claim for fraud or misrepresentation which is governed by the three-year statute of limitations found in T.C.A. § 28-3-105.

In his objections, Plaintiff raises many of the same arguments which were considered and properly rejected by the Magistrate Judge. When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a

---

[1] While the Court will deny the motions for enlargement of time, the Court has read Plaintiff's argument papers which were attached to those motions and finds nothing in those documents which would alter the inevitable conclusion that Plaintiff's present action is barred by both res judicata and the applicable statute of limitations.

5

new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.J. 9(b)(3). See, Fed. R. Civ. P. 72(b).

Having made a de novo review of the entire file in this case, the Court determines that the Magistrate Judge properly applied the applicable law to the facts presented. With respect to Plaintiff's objections, the Court notes the following.

Plaintiff claims that res judicata should not bar his claims because this case, unlike his prior lawsuits, does not seek money damages but instead is a declaratory judgment action in which Plaintiff requests unspecified equitable relief. He also claims the original action was based upon a breach of contract whereas, in this case, Plaintiff asserts that no contract existed because he had not completed the application for his insurance policy and therefore Mass Mutual had no right to sue for declaratory relief.[2] Plaintiff also challenges the validity of the underlying declaratory judgment action filed by Mass Mutual because not all parties to the dispute were before the court, including the agent who sold the policy and the "medical history examiner."

Whether couched in terms of breach of contract or otherwise, Plaintiff's claims could have and should have been joined in the initial declaratory judgment action filed by Mass Mutual. "[R]es judicata applies not only to issues actually raised and adjudicated in the prior lawsuit, but to 'all

---

[2] At the time Plaintiff filled out the application for the disability benefits policy, Plaintiff noted "not filled in" over his signature. Plaintiff claims this notation was in reference to the medical history questionnaire which Plaintiff did not complete at the time he filled out his application. Plaintiff alleges that after the application was submitted someone (whose identity is unknown, but probably was an agent of the Defendant) checked the boxes marked "no" in relation to Plaintiff's prior medical history in the medical questions section of the application.

6

claims and issues which were relevant and which could reasonably have been litigated in a prior action.'" Brown v. Shappley, 2008 WL 4560106 at *3 (Tenn. Ct. App. 2008)(quoting, Am. Nat'l Bank v. Clark, 586 S.W.2d 825, 826 (Tenn. 1979)). While Plaintiff's present claim for declaratory or equitable relief may not have been aired in the original declaratory judgment action, "a party's failure to raise an issue or theory does not preserve that issue or theory as a ground for a subsequent lawsuit." Id.

Plaintiff's claim that he was not aware until after the conclusion of the original declaratory judgment action that someone (presumably his insurance agent) filled in the blanks he left unanswered on his medical history form, and his claim that the insurance agent and medical examiner were not at the bench trial, do not save this case from dismissal. What precisely was on his disability application should have been discovered during the course of the initial declaratory judgment action and any relevant parties should have been joined in that action. While Plaintiff was represented by counsel in the initial action and is proceeding pro se in this case, he is bound by the actions or inactions taken by his counsel in the declaratory judgment action. See, Lewis v. Weyerhaeuser Co., 141 Fed. Appx. 420, 427-28 (6th Cir. 2005)(noting "general rule" that "litigants are bound by the actions of their attorneys").

Regardless, the issue of someone allegedly checking off the boxes in the medical history section of the application was raised in Plaintiff's second complaint in the Sumner County Circuit Court. The court ruled in favor of Mass Mutual. Plaintiff did not appeal the adverse ruling because, in his words, "he believed the Court to be right at the time." (Docket Entry No. 124-3 at 9). Whatever his reasons for not appealing, Plaintiff is bound by the adverse ruling of the state trial court.

7

Moreover, and as the Magistrate Judge aptly observed, the whole issue about someone allegedly filling out the medical history questionnaire is a "true red herring" since "Mass Mutual has never taken the position that any statement on [the application] form limited its coverage or otherwise provided a defense to any obligation under the policy." (Docket Entry No. 74 at 6).

As for the Magistrate Judge's conclusion that the applicable statute of limitations barred Plaintiff's claims, Plaintiff argues that any statute of limitations did not begin to run until sometime in 2006 or 2007 when he discovered the law surrounding "condition precedent" while he was in Louisville and when he discovered in the "Federal law library" that a contract is not complete when material matters are left blank. While that may be so, ignorance of the law is not a basis for the tolling of the statute of limitations, see, Simmons v. Gath Baptist Church, 109 S.W.3d 370, 373 (Tenn. Ct. App. 2003), even where a party is proceeding pro se, see, McSwain v. Daniels, 2008 WL 27446540 at *6 (6th Cir. 2008).

In any event, Plaintiff indisputably knew about someone allegedly checking off the boxes in the medical questionnaire section by the time he filed his second complaint in the Sumner County court on October 29, 2003. A claim about someone allegedly filling in Plaintiff's medical questionnaire sounds in fraud and was required to be filed within three years. However, Plaintiff did not file the instant action until July 5, 2007. Accordingly the Court rejects Plaintiff's contention that his present litigation is not barred by the applicable statute of limitations.

Based upon a thorough review of the file in this case, the Court finds that Plaintiff's objections are without merit. Accordingly, the Court will approved the R & R which recommends the granting of Defendant's Motion for Summary Judgment and the dismissal of this case.

8

**C. Defendant's Motion for Sanctions (Docket Entry No. 127)**

Defendant seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure in the form of the costs and attorney's fees it expended in defending this case. Defendant also seeks an Order which would prohibit Plaintiff from filing any further litigation in relation to the denial of disability benefits under the Mass Mutual policy.

In its Memorandum in support of its Motion for Sanctions, Defendant argues Plaintiff "must have been aware of the possibility of imposition of . . . sanction[s]," since sanctions were imposed by the state court judge when the second complaint was dismissed. (Docket Entry No. 128 at 9). While that may be so, "Rule 11(c)(1)(A) . . . requires that the party seeking sanctions must provide 'safe harbor' notice by serving the Rule 11 motion on the opposing party at least 21 days before filing the motion with the district court, and sanctions may only be sought if the offending filing is not withdrawn or corrected within 21 days after service of the motion." Nieves v. City of Cleveland, 153 Fed. Appx. 349, 353 (6th Cir. 2005). The Court finds no certification of compliance with Rule 11(c)(1)(A) in relation to the pending Motion for Sanctions. This is particularly troubling since the Motion for Sanctions was filed after Plaintiff was admonished not to make any further filings before the Court ruled on objections to the R & R and therefore Plaintiff could not properly respond to the Motion without violating this Court's Order.

Arguably, Defendant could withdraw its Motion for Sanctions, comply with the safe harbor provisions of Rule 11, and then refile its Motion. See, Tahfs v. Proctor, 316 F.3d 584, 589 (6th Cir. 2003). However, the Court sees no reason to prolong this case to allow for such a refiling since it is not inclined to grant sanctions at this point. The Court, however, will reconsider the matter should Plaintiff persist on making further filings after the Court issues the present rulings.

9

Rule 11 provides, in relevant part, that anyone who signs a pleading or other paper certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the claims therein are: (1) warranted by existing law or by a non-frivolous argument for new or modified law; and (2) supported by evidence or likely to be supported by evidence after discovery and investigation. Fed. R. Civ. P. 11(b). Parties who file lawsuits on a pro se basis must comply with the provisions of Rule 11. Id. When a court determines that Rule 11(b) has been violated, the court may "impose an appropriate sanction upon the attorneys, law firms, or parties" and may "award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Fed. R. Civ. P. 11(c).

The Court has discretion in determining whether to impose sanctions. Michigan Division–Monument Builders v. Mich. Cemetery Assoc., 524 F.3d 726, 739 (6th Cir. 2008). While the Court agrees with Defendant that Plaintiff should not have filed this case, the "gravaman of Rule 11 [is not in] the filing of the claim that eventually turns out to be meritless, but rather the persistence in pursuing that claim after the pleader has or should have become aware of its lack of merit." Runfola & Assoc., Inc. v. Spectrum Reporting II, Inc., 88 F.3d 368, 373-74 (6th Cir. 1996). That is, "fee awards become proper only after counsel [or a pro se litigant] knew or should have known that the claim has no factual or legal basis." Bailey v. Papa John's USA, Inc., 236 Fed Appx. 200, 205 (6th Cir. 2007).

A counselor-at-law would not have been expected to file the present action on behalf of a client and undoubtedly would have been sanctioned had he or she done so. However, it appears to the Court that Plaintiff, although misguided, believed he had a basis for bringing claims in relation to the disability insurance policy which did not hinge on breach of contract and further believed he

10

had a way around any statute of limitations. Certainly Plaintiff should have recognized his claims were in serious jeopardy when the Magistrate Judge entered the R & R recommending dismissal. However, the Court cannot fault Plaintiff for challenging the conclusions in the R & R since he was specifically informed of his right to do so. While Plaintiff made numerous filings thereafter which were not in the form of objections, it bears noting that Defendant did not respond to the vast majority of those filings. Moreover, the Court, in ruling on those filings, specifically noted that it "perceive[d] no bad faith on the part of the Plaintiff, merely zealousness about his case and misdirected efforts[.]" (Docket Entry No. 119 at 3).

The Court recognizes Defendant's frustration in having to defend claims which relate to the denial of benefits dating back to 1991 and it is hoped that Plaintiff finally recognizes he has **no** claim against Defendant in relation to the disability policy which Defendant issued. While the Court denies Defendant's present request for sanctions, it does so with a cautionary note to Plaintiff. Plaintiff will be warned that any effort to litigate further any type of claim in any court that in any way relates to Mass Mutual's decision to deny him disability benefits will most likely result in the award of significant sanctions. Plaintiff will also be warned that such sanctions may include, but not be limited to, monetary sanctions, an award of costs to Defendant, an award of attorney's fees to Defendant, and/or an injunction which prohibits Plaintiff from filing suit in any court in relation to the disability policy issued by Mass Mutual, without prior judicial approval.

### III. CONCLUSION

On the basis of the foregoing, the R & R (Docket Entry No. 74) will be accepted and approved, and Plaintiff's objections to the R & R (Docket Entry No. 122 & 123) will be overruled. Plaintiff's Motions for Enlargement of Time (Docket Entry Nos. 124 & 125) will be denied.

11

Defendant's Motion for Summary Judgment (Docket Entry No. 41) will be granted and this case will be dismissed. Finally, Defendant's Motion for Sanctions (Docket Entry No. 127) will be denied, but Plaintiff will be warned about the possibility of sanctions should he persist in any claim against Mass Mutual in relation to the disability benefits policy which it issued to Plaintiff.

An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE